﻿Citation Nr: 19158973
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 14-32 321
DATE: July 30, 2019

ORDER

Entitlement to a rating in excess of 10 percent prior to March 21, 2016 and 40 percent thereafter for lumbar spine strain with coccydynia, sacroiliitis, spondylosis, and intervertebral disc disorder (IVDS) with myelopathy, is dismissed.

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU) prior to March 21, 2016 is dismissed.

FINDING OF FACT

In a March 2019 correspondence, the Veteran indicated that she requested a withdrawal of her appeal for the issues of entitlement to an increased rating for a low back disability as well as entitlement to a TDIU prior to March 21, 2016. 

CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal by the Veteran regarding the issue of entitlement to an increased rating for a low back disability have been met. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

2. The criteria for withdrawal of an appeal by the Veteran regarding the issue of entitlement to a TDIU prior to March 21, 2016 have been met. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty from June 1982 to June 2003. This matter was last before the Board in May 2018, whereupon it was remanded to the Regional Office for further development. Following the issuance of a March 2019 supplemental statement of the case which denied an increased rating for the low back disability and denied TDIU prior to March 21, 2016, both issues were returned to the Board for its adjudication. 

In a March 2019 correspondence, the Veteran requested that her appeal of the claims of entitlement to an increased rating for the low back disability as well as the claim seeking entitlement to a TDIU prior to March 21, 2016 be withdrawn. As there remains no allegation of errors of act or law for appellate consideration with regards to this, the Board does not have jurisdiction to review these issues, and they are dismissed. 38 U.S.C. § 7105; 38 C.F.R. § 20.204.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Christopher M. Collins, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.